Michael Kind, Esq.
Nevada Bar No. 13903
**KAZEROUNI LAW GROUP, APC**
6069 S. Fort Apache Rd., Ste. 100
Las Vegas, NV 89148
Phone: (800) 400-6808 x7
Fax: (800) 520-5523
mkind@kazlg.com

David H. Krieger, Esq.
Nevada Bar No. 9086
**HAINES & KRIEGER, LLC**
8985 S. Eastern Avenue, Ste. 350
Henderson, NV 89123
Phone: (702) 880-5554
Fax: (702) 385-5518
Email: dkrieger@hainesandkrieger.com
*Attorneys for Plaintiff Frankie M. Driskell*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Frankie M. Driskell, <br><br> Plaintiff, <br><br> v. <br><br> Towne Mortgage Company, LenderLive Network, LLC, Experian Information Solutions, Inc., Equifax Information Services, LLC and Trans Union LLC, <br><br> Defendants. | Case No. 2:17-cv-03139-MMD-GWF <br><br> [~~PROPOSED~~] STIPULATED PROTECTIVE ORDER |

IT IS HEREBY STIPULATED by and between Plaintiff Frankie M. Driskell ("Plaintiff") and Defendants Towne Mortgage Company, LenderLive Network, LLC,

1 and Experian Information Solutions, Inc., ("Defendants") (Plaintiff and Defendants
2 collectively referred to herein as "the Parties" and severally a "Party"), by and
3 through their counsel of record, as follows:
4     WHEREAS, documents and information have been and may be sought,
5 produced or exhibited by and among the Parties to this action relating to trade secrets,
6 confidential research, development, technology or other proprietary information
7 belonging to any of the defendants and/or personal income, credit and other
8 confidential information of Plaintiff ("Confidential Material").
9     THEREFORE, an Order of this Court protecting such Confidential Material
10 shall be and hereby is made by this Court on the following terms:

11 1. This Order shall govern the use, handling and disclosure of all documents,
12    testimony or information produced or given in this action which are designated
13    as Confidential Material in accordance with this Order in accordance with the
14    terms hereof.
15 2. Any Party or non-party producing or filing documents or other materials in this
16    action may designate such materials and the information contained therein as
17    Confidential Material by typing or stamping on the front of the document, or
18    on the portion(s) of the document for which confidential treatment is
19    designated, "Confidential." The burden of proof to establish that the
20    information or document is entitled to such protection is on the Party that
21    designated the information or document as Confidential, as detailed in
22    Paragraph 14 of this Order.
23 3. To the extent any motions, briefs, pleadings, deposition transcripts, or other
24    papers to be filed with the Court incorporate Confidential Material, the Party
25    filing such papers shall designate such materials, or portions thereof, as
26    "Confidential," and shall file them with the clerk under seal; provided,
27    however, that a copy of such filing having the Confidential Material redacted
28

therefrom may be made part of the public record. Any Party filing any document under seal must comply with the requirements of Local Rules.

4. All documents, transcripts, or other materials designated as Confidential, and all information derived therefrom (including, but not limited to, all testimony, deposition, or otherwise, that refers, reflects or otherwise discusses any information designated as Confidential Material), shall not be used, directly or indirectly, by any Party, for commercial or competitive purposes or for any purpose whatsoever other than solely for the preparation and trial of this action in accordance with the provisions of this Order.

5. All depositions or portions of depositions taken in this action that contain Confidential Material may be designated as "Confidential" and thereby obtain the protections accorded other confidential information. The Parties shall have twenty-one (21) days from the date a deposition is taken, or fourteen (14) days from the date a deposition transcript is received, whichever date is greater, to serve a notice to all Parties designating portions as "Confidential." Until such time, all deposition testimony shall be treated as Confidential Material in accordance with this Order. To the extent any designations are made on the record during the deposition, the designating Party need not serve a notice re-designating those portions of the transcript as Confidential Material. Any party may challenge any such designation in accordance with Paragraph 14 of this Order.

6. Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential," or pursuant to prior Order after notice, any document, transcript or pleading given "Confidential" treatment under this Order, and any information contained in, or derived from any such materials (including but not limited to, all deposition testimony that refers, reflects or otherwise discusses any information designated confidential hereunder) may not be disclosed other than in accordance with this Order and

may not be disclosed to any person other than: (a) the Court and its officers; (b) Parties to this litigation; (c) counsel for the Parties, whether retained counsel or in-house counsel and employees of counsel assigned to assist such counsel in the preparation of this litigation; (d) any fact witnesses who need to know such information; (e) present or former employees of the producing party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure); (f) any individual who had received the Confidential Material at any time in the past and (f) experts specifically retained as consultants or expert witnesses in connection with this litigation.

7. Documents produced pursuant to this Order shall not be made available to any person designated in Subparagraph 6 (g) unless he or she shall have first read this Order, agreed to be bound by its terms, and signed the attached Declaration of Compliance.

8. Third parties who are the subject of discovery requests, subpoenas or depositions in this case may take advantage of the provisions of this Protective Order by providing the Parties with written notice that they intend to comply with and be bound by the terms of this Protective Order.

9. All persons receiving any or all documents designated as Confidential pursuant to this Order shall be advised of their confidential nature. All persons to whom Confidential Material is disclosed may not disclose such Confidential Material such Confidential Material to any person except as provided herein, and may not use the same except in the preparation for and trial of the above-captioned action between the named Parties thereto. No person receiving or reviewing ConfidentialMaterial, information or transcript shall disseminate or disclose them to any person other than those described above in Paragraph 6 and for the purposes specified, and in no event, shall such person make any other use of such document or transcript.

10. Nothing in this Order shall prevent a Party from using at trial any information or materials designated "Confidential."

11. This Order has been agreed to by the Parties to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Order, nor the designation of any information, document, or the like as "Confidential," nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

12. Inadvertent failure to designate any document, transcript, or other materials "Confidential" will not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is promptly asserted after discovery of the inadvertent failure. If a party designates a document as "Confidential" after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order, and upon request from the producing party certify that the designated documents have been maintained as confidential information. The designating party shall have the burden of proving that any document designated as CONFIDENTIAL is entitled to such protection.

13. Within sixty (60) days after the final termination of this litigation, all documents, transcripts, or other materials afforded confidential treatment pursuant to this Order, including any extracts, summaries or compilations taken therefrom, but excluding any materials which in the good faith judgment of counsel are work product materials, shall be returned to the Producing Party. In lieu of return, the parties may agree to destroy the documents, to the extent practicable. The party destroying documents must send a letter certifying destruction to the Producing Party within 14 days of document destruction.

14. In the event that any Party to this litigation disagrees at any point in these proceedings with any designation as Confidential made under this Protective

1     Order, the Parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the Party making the designation or the Party objecting to the designation may seek appropriate relief from this Court. The burden of proof to establish that the information or document is entitled to such protection is on the Party that designated the information or document as Confidential. During the pendency of any challenge to the designation of a document or information, the designated document or information shall continue to be treated as "Confidential" subject to the provisions of this Protective Order.

15. Nothing herein shall affect or restrict the rights of any Party with respect to its own documents or to the information obtained or developed independently of documents, transcripts and materials afforded confidential treatment pursuant to this Order.

///

///

///

16. The Court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

IT IS SO STIPULATED.

DATED this 21st day of May 2018.

**KAZEROUNI LAW GROUP, APC**

By: /s/ Michael Kind
Michael Kind, Esq.
6069 S. Fort Apache Rd., Ste 100
Las Vegas, NV 89148
*Attorneys for Plaintiff*

**MORRIS LAW GROUP**

By: /s/ Steve L. Morris
Steve L. Morris, Esq.
Raleigh C. Thompson, Esq.
411 E. Bonneville Ave., Ste. 360
Las Vegas, NV 89101
*Attorneys for Defendant*
*Towne Mortgage Company*

**NAYLOR & BRASTER**

By: /s/ Andrew J. Sharples
Jennifer L. Braster, Esq.
Andrew J. Sharples, Esq.
1050 Indigo Dr., Ste. 200
Las Vegas, NV 89145
*Attorneys for Defendant*
*Experian Information Solutions, Inc.*

**BALLARD SPAHR LLP**

By: /s/ Stacy H. Rubin
Joel Edward Tasca, Esq.
Stacy H. Rubin, Esq.
1980 Festival Plaza Drive, Ste 900
Las Vegas, NV 89135
*Attorneys for Defendant*
*LenderLive Network, LLC*

IT IS SO ORDERED:

_____
UNITED STATES MAGISTRATE JUDGE

DATED: 5/23/2018